## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DYLAN ALEXANDER CARR,       )
                                   )
              Plaintiff,        )
                                   )
          vs.              )     Civil Action No. 2:26-cv-00002
                                   )     Judge D. Brooks Smith
                                   )     Sitting by Designation
                                   )
DEPUTY MATHEW S. LUNARDINI,   )
                                   )
             Defendant.     )

## <u>MEMORANDUM and ORDER OF COURT</u>

SMITH, Circuit Judge,[1]

Plaintiff Dylan Carr, proceeding *pro se*, brings this civil-rights action under 42 U.S.C. § 1983 against Defendant Deputy Mathew S. Lunardini, an Allegheny County Deputy Sheriff. The case arises from Carr's arrest after he took photographs inside the Allegheny County Family Law Center. Carr alleges that Lunardini lacked probable cause to arrest him because his conduct did not violate 18 Pa. Cons. Stat. § 5103.1, the statute under which he was initially charged. Lunardini moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Because the facts alleged in the Amended Complaint establish probable cause as a matter of law, Carr has not stated

---

[1] By order dated December 19, 2025, the Honorable Michael A. Chagares, *Chief Judge* of the U.S. Court of Appeals for the Third Circuit, designated and assigned Circuit Judge D. Brooks Smith pursuant to 28 U.S.C. § 291(b) to hold court in the Western District of Pennsylvania.

a federal constitutional claim. And because his state-law claims likewise require the absence of probable cause, they fail as well. The Motion will therefore be granted, and the Amended Complaint will be dismissed with prejudice.

## I.    Background[2]

On June 27, 2025, Plaintiff Dylan Alexander Carr entered the Allegheny County Family Law Center. Compl. ¶ 3.A. Just inside the building entrance, the first-floor lobby contained signage referring to Pa. Cons. Stat. § 5103.1. *Id.* ¶ 3.F. That statute prohibits, absent court approval or authorization by rule, the "use[] or operat[ion] [of] a device to capture, record, transmit or broadcast a photograph, video, motion picture or audio of a proceeding or person within a judicial facility or in an area adjacent to or immediately surrounding a judicial facility." 18 Pa. Cons. Stat. § 5103.1(a).[3] While standing in the lobby, Carr used his cellular telephone to photograph the front desk and security checkpoint areas. Compl. ¶ 3.C.

Shortly thereafter, Deputy Lunardini detained Carr. *Id.* ¶ 3.I. Carr was then placed under arrest and charged with violating § 5103.1. *Id.* ¶¶ 3.J–L. On August 21, 2025, that charge was withdrawn and replaced with a summary disorderly-conduct

_____

[2] Because this case comes before the Court on a motion to dismiss, the following facts are drawn from Carr's Amended Complaint, ECF No. 22, ("Compl."), and accepted as true. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] The statute defines "judicial facility" as "a courtroom, hearing room or judicial chambers used by the court to conduct trials or hearings or any other court-related business or any other room made available to interview witnesses." *Id.* § 5103.1(c).

2

charge. *Id.* ¶ 3.M. Carr was initially found guilty by a Magistrate, but he appealed to the Court of Common Pleas of Allegheny County, which entered a not-guilty verdict on October 15, 2025. ECF No. 1-5 at 8; Compl. ¶¶ 3.N–P.

Carr then filed this civil action against Lunardini in his individual capacity.[4] The Amended Complaint asserts four claims: a Fourth Amendment claim for false arrest and unreasonable seizure under 42 U.S.C. § 1983; a Fourth Amendment malicious-prosecution claim under § 1983; a Pennsylvania false-arrest/false-imprisonment claim; and a Pennsylvania malicious-prosecution claim. *Id.* ¶¶ 4.A–D. Each claim rests on the same central premise: that Lunardini lacked probable cause to arrest Carr and initiate charges against him for taking photographs in the Family Law Center lobby while no courtroom proceeding was occurring. *Id.* ¶¶ 4.A.2–5, 4.B.2–3, 4.C.2, 4.D.2.

Lunardini moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and filed a brief in support. ECF Nos. 24, 25. Carr opposed

---

[4] Carr initially filed his complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, naming as defendants Allegheny County, Allegheny County Sheriff's Office, and Lunardini. ECF No. 1-4. After the case was removed to this Court, ECF No. 1, Carr amended his complaint, retaining only Lunardini as a defendant. Compl. ¶ 2.

the motion, ECF No. 26, and Lunardini replied, ECF No. 27. The motion is now ripe for disposition.[5]

## II.    Standard of Review

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In resolving such a motion, a district court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Fowler*, 578 F.3d at 210. However, it need not accept as true "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted); *see also Pa. Prison Soc'y v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." (citation omitted)).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). That standard requires more than "a sheer possibility that a

---

[5] This Court has jurisdiction over Carr's federal claims pursuant to 28 U.S.C. §§ 1331 and 1441 and supplemental jurisdiction over Carr's state-law claims pursuant to 28 U.S.C. §§ 1367.

defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A plaintiff must plead sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Generally, a district court must afford a plaintiff proceeding *pro se* some "procedural flexibility" when reviewing and interpreting his pleadings. *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). I must, therefore, "liberally construe" Carr's pleadings. *Higgs v. Att'y Gen.,* 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Nonetheless, even though he is proceeding *pro se*, Carr "still must allege sufficient facts in [his] complaint[] to support a claim." *Mala,* 704 F.3d at 245.

## III.    Analysis

To state a claim under 42 U.S.C. § 1983, Carr must allege that a person acting under color of state law deprived him of a right secured by the Constitution or federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Here, there is no dispute that Lunardini acted under color of state law when he detained and arrested Carr.[6] This case therefore turns on whether Carr has plausibly alleged a constitutional violation.

---

[6] *See id.* at 49 ("[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks and citation omitted)).

To plead a Fourth Amendment claim for false arrest or malicious prosecution, Carr must allege facts supporting a reasonable inference that, among other things, Lunardini acted without probable cause. *Spiker v. Allegheny Cnty. Bd. of Prob. & Parole,* 920 F. Supp. 2d 580, 594 (W.D. Pa. 2013), aff'd sub nom. *Spiker v. Whittaker,* 553 F. App'x 275 (3d Cir. 2014). Probable cause exists when "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Harvard v. Cesnalis,* 973 F.3d 190, 200 (3d Cir. 2020). Although probable cause is often a question for the jury, a court may decide the issue as a matter of law when, accepting the plaintiff's version of facts, no reasonable jury could conclude that probable cause was lacking. *Merkle v. Upper Dublin Sch. Dist.,* 211 F.3d 782, 788–89 (3d Cir. 2000).

That is the case here. Carr does not dispute that he took two photographs inside the Family Law Center lobby. Compl. ¶ 3.C. Nor does he dispute that the lobby contained signage referencing 18 Cons. Stat. § 5103.1. *Id.* ¶ 3.F. Instead, he contends that probable cause did not exist because § 5103.1 did not, in fact, reach his conduct. *See* Resp. Br., ECF No. 26, at 13–16.[7] In his view, the public lobby was

---

[7] Plaintiff's response brief is not paginated. All pin-citations to Plaintiff's response brief refer to pages as a reader would sequentially count them from the beginning of the document.

6

neither a "judicial facility" nor "an area adjacent to or immediately surrounding a judicial facility" covered under the statute.

Even assuming Carr is correct concerning the statute's ultimate scope, that does not by itself resolve the probable-cause question. Probable cause does not require certainty that the suspect committed an offense. *See Dist. of Columbia. v. Wesby*, 583 U.S. 48, 57 (2018) (emphasizing that probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity" and "is not a high bar." (citation omitted)). Nor does it require an arresting officer to resolve every statutory ambiguity that may later bear on guilt. Indeed, probable cause "can rest on a mistaken understanding of the scope of a legal prohibition" so long as that mistake is reasonable. *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (holding that the Fourth Amendment "tolerates [] reasonable mistakes" of both fact and law  (emphasis omitted)).

The question, then, is whether the facts known at the time to Lunardini would have warranted a reasonable officer in believing that Carr's conduct fell within the scope of § 5103.1—irrespective of whether that belief turned out to be accurate. *Harvard*, 973 F.3d at 200. I conclude that such a belief would have been reasonable. Carr took photographs inside the Family Law Center, a court-related facility, and did so in a lobby that contained signage referencing § 5103.1. And Carr himself acknowledges that the statute's "applicability to the [] public-access lobby is not

7

self-evident and depends upon [] interpretive questions regarding the meaning of 'judicial facility.'" Resp. at 14; *see also id.* at 15 ("[W]hether the specific lobby location constitutes a 'judicial facility' under 18 Pa. C.S. § 5103.1 . . . is not self-evident[.]"). That argument may explain why Carr believes he did not violate the statute. But it likewise confirms that the statute's application to the lobby was, at minimum, open to reasonable debate. And where the statute's application was reasonably debatable, Lunardini's belief that it applied was not unreasonable. Carr therefore has not plausibly alleged that Lunardini acted without probable cause.[8] Because the existence of probable cause defeats both federal claims, Counts I and II will be dismissed.[9]

---

[8] Lunardini also argues that he is entitled to qualified immunity because, even if his conduct violated Carr's constitutional rights, those rights were not clearly established. Brief in Support of Motion to Dismiss (ECF No. 25) at 4–5. Because I conclude that Carr has not plausibly alleged a violation of his constitutional rights, I need not reach whether any such rights were clearly established.

[9] I will dismiss Carr's claims with prejudice. Generally, "[i]n pro se civil rights actions, 'district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim.'" *Coleman v. Acad. Bus. LLC,* 858 F. App'x 584, 585 (3d Cir. 2021) (quoting *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007)). However, a court need not grant leave to amend when amendment would be futile. *Fletcher-Harlee,* 482 F.3d at 251. Here, because I conclude that probable cause existed to arrest Carr as a matter of law, amendment would be futile. *See, e.g., Shaw v. Hayt, Hayt & Landau, LLC,* 2021 WL 531961, at *9 (W.D. Pa. Feb. 12, 2021) (dismissing with prejudice because plaintiff's claims "fail as a matter of law," making amendment futile); *Bradshaw v. Pennsylvania State Univ.,* 2011 WL 1288681, at *2 (E.D. Pa. Apr. 5, 2011) (same).

Carr's state-law claims fail for the same reason. Under Pennsylvania law, to prevail on a claim of false arrest, a plaintiff must demonstrate that the arresting officer "did not have probable cause to make an arrest." *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (1994). Likewise, to maintain a claim for malicious prosecution under Pennsylvania law, a plaintiff must prove, *inter alia*, that the defendant instituted proceedings against the plaintiff "without probable cause." *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Loc. Union 249*, 518 Pa. 517, 520–21 (1988). Because the pleaded facts establish probable cause as a matter of law, Counts III and IV will be dismissed as well.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 27th of May, 2026, for the reasons set forth herein, IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 24) is GRANTED, and the Amended Complaint (ECF No. 22) is DISMISSED with prejudice.

/s/ D. Brooks Smith

D. Brooks Smith
United States Circuit Judge
Sitting by Designation

9